CITY OF SAGINAW v SAGINAW FIREFIGHTERS ASSOCIATION,
LOCAL 422, IAFF, AFL-CIO

Docket No. 66241. Submitted October 6, 1983, at Lansing.—Decided
November 8, 1983.

Ronald C. Marcy, a firefighter for the City of Saginaw, was
discharged for allegedly violating a Saginaw ordinance requir-
ing city employees to maintain a permanent and bona fide
residence within the corporate limits of the city. Marcy com-
menced a grievance proceeding pursuant to the collective-bar-
gaining agreement between the Saginaw Firefighters Associa-
tion, Local 422, IAFF, AFL-CIO and the city and the matter
was submitted to arbitration. The arbitrator determined that
the dispute was a proper subject for arbitration and, after
considering the evidence and testimony, concluded that there
was no just cause for discharging Marcy. The arbitrator issued
a decision ordering the city to reinstate Marcy with back pay,
full seniority and other benefits lost as a result of his discharge.
The City of Saginaw filed a complaint against the union and
Marcy in Saginaw Circuit Court to vacate the arbitration
award alleging that the arbitrator made a mistake of law and
improperly modified the contract provisions and that the award
was against public policy. Defendants responded by filing a
petition to enforce the award and a motion for summary
judgment on the ground that plaintiff had failed to state a
cause of action upon which relief could be granted. The court,
Hazen R. Armstrong, J., granted defendants' petition and mo-
tion. Plaintiff appealed. *Held:*

1. The arbitrator properly determined that the dispute was
subject to the arbitration provisions of the collective-bargaining
agreement and the trial court correctly found that the arbitra-
tor acted within the scope of his authority and that his decision
drew its essence from the contract.

2. It is improper for the Court of Appeals to consider the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 110, 145, 170.
[2] 5 Am Jur 2d, Arbitration and Award § 90.
[3] 5 Am Jur 2d, Arbitration and Award §§ 14, 15.
[4] 5 Am Jur 2d, Arbitration and Award § 151 *et seq.*

merits of either the underlying grievance or the arbitration award since judicial review of an arbitration award in a labor dispute is limited to a determination of whether the award draws its essence from the contract. The question of whether the interpretation of the contract by the arbitrator is erroneous is immaterial and irrelevant. The arbitrator's award is not contrary to public policy.

Affirmed.

1. ARBITRATION — LABOR RELATIONS — JUDICIAL REVIEW.

The merits of a grievance or an arbitration award are irrelevant when a court is asked to enforce an arbitration agreement or award thereunder; judicial review is limited to whether the award was within the authority conferred upon the arbitrator by the collective-bargaining agreement and, once substantive arbitrability is determined and no situation is presented which comes within the recognized exceptions to the rule of judicial deference to the decision of the arbitrator, judicial review effectively ceases.

2. ARBITRATION — LABOR RELATIONS — COLLECTIVE-BARGAINING AGREEMENTS — QUESTION OF LAW.

Whether a dispute is arbitrable under a collective-bargaining agreement is a question for the court, but the inquiry is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract; whether the party is right or wrong is a question of contract interpretation for the arbitrator.

3. ARBITRATION — COLLECTIVE-BARGAINING AGREEMENTS — ARBITRATION CLAUSES.

Doubts concerning the scope of an arbitration clause in a collective-bargaining agreement should be resolved in favor of arbitration absent an express provision excluding that particular type of grievance from arbitration or forceful evidence indicating a purpose to exclude the claim from arbitration.

4. ARBITRATION — AWARD — PUBLIC POLICY — FINDINGS OF FACT — CONCLUSIONS OF LAW.

It is an arbitrator's award, rather than his findings of fact or conclusions of law, which must be contrary to public policy before a court will refuse to enforce the award.

*Otto W. Brandt, Jr.,* City Attorney, for plaintiff.

*Borello, Thomas & Jensen, P.C.* (by *Peter C. Jensen),* for defendants.

Before: ALLEN, P.J. and BEASLEY and M. E. CLE-MENS,* JJ.

PER CURIAM. Defendant Ronald C. Marcy, a firefighter for the City of Saginaw, was discharged in August, 1981, for allegedly violating a Saginaw ordinance requiring city employees to maintain a "permanent and bona fide residence" within the corporate limits of the city. Marcy commenced a grievance proceeding pursuant to the collective-bargaining agreement between defendant union and the city and the matter was submitted to arbitration. The arbitrator determined that the dispute was a proper subject for arbitration and, after considering the evidence and testimony presented at the February 9, 1982, hearing, concluded that the discharge of Marcy was not for just cause because the city had not met its burden of proving that Marcy did not meet the city residency requirement. On March 23, 1982, the arbitrator issued a decision ordering the city to reinstate Marcy with back pay, full seniority, and other benefits lost as a result of his discharge.

In April, 1982, the city filed a complaint in the Saginaw Circuit Court to vacate the arbitration award alleging that the arbitrator made a mistake of law, improperly modified the contract provisions and that the award was against public policy. Defendants responded by filing a petition to enforce the award and a motion for summary judgment pursuant to GCR 1963, 117.2(1). By written opinion dated July 30, 1982, the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted both the petition and the motion and plaintiff city now appeals as of right.

The city argues that the three-count complaint set forth an actionable claim and that the trial court erred by granting defendants' petition and motion. In *Ferndale Education Ass'n v School Dist for Ferndale #1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976), this Court explained the proper scope of judicial review of an arbitration award:

"Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and Federal courts for years, but the eminently proper attitude that we have taken is one of 'hands off'. The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy, the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a Federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

"This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961), *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975)." (Footnote omitted.) (Emphasis in original.)

In the present case, the first issue we must address is whether the arbitrator and the lower

court erroneously determined that this dispute was a proper subject for arbitration under the collective-bargaining agreement. Once that question is answered affirmatively, "judicial review effectively ceases". *Ferndale, supra,* p 643. While a question concerning the substantive arbitrability of a dispute is a matter for a court, "the judicial inquiry 'is confined to ascertaining whether the party seeking arbitration is making *a claim which on its face* is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.' " *Kaleva-Norman-Dickson School Dist No 6 Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583, 591; 227 NW2d 500 (1975), quoting *United Steelworkers of America v American Mfg Co,* 363 US 564, 568; 80 S Ct 1343; 4 L Ed 2d 1403 (1960) (Emphasis in *Kalev).*

The grievance filed by Marcy involved the propriety of his discharge by the city for his alleged violation of the city residency requirement. The management prerogatives clause of the collective-bargaining agreement, art II, § 1, provided that the city had the right to "discipline, suspend, discharge for cause [employees] * * *" except when "limited by other provisions" of the agreement. The contractual provision concerning grievances, art VII, § 2, provided that:

"Grievances involving suspension, reductions, and removals may, at the option of the employee, be processed through the grievance procedure as outlined above in Section 1 or appealed as provided under Act 78 of the Public Acts of Michigan of 1935, as amended. Whichever procedure the employee elects shall be binding upon him and shall be preclusive to any other remedy."

Based on the above cited contractual provisions, the arbitrator properly determined that the dispute was subject to the arbitration provisions of the agreement. The question of whether Marcy was discharged "for cause" was a proper subject for arbitration as the claim "on its face" is governed by the contract. The lower court correctly found that the arbitrator acted within the scope of his authority and that his decision drew its essence from the contract. Under the limited scope of review afforded arbitration awards in labor disputes, we concur in the decisions reached below.

Further support for the substantive arbitrability of the instant dispute may be garnered from the contractual language establishing the scope of the grievance procedures, art VII, § 1. The contract provides that "matters involving the interpretation, application or enforcement of the terms of this Agreement shall constitute a grievance". Based on the policy favoring arbitration, absent an express provision excluding a particular type of grievance from arbitration or forceful evidence indicating a purpose to exclude the claim, doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960); *K-N-D School Dist, supra.* As there is no evidence illustrating that an employee's claim based on the ability of the city to "discharge for cause" was either reserved or excluded from arbitration, we conclude that the arbitrator correctly determined this matter to be arbitrable under the existing collective-bargaining agreement.

Although we have reviewed plaintiff's claim on the issue of the substantive arbitrability of Marcy's grievance, we note that the city did not raise

this particular issue prior to or at the arbitration proceedings. The city participated in the hearing without ever challenging the authority of the arbitrator to render a valid decision. There is support for the proposition that failure to object to the authority of the arbitrator, in cases involving commercial arbitration, may constitute a waiver. *American Motorists Ins Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976); *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973), Anno: *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability,* 33 ALR3d 1242. Although not a basis for our decision, we note that in labor disputes, rather than adopting a "wait and see" attitude; *viz.,* objecting to the substantive arbitrability of a dispute only if the ultimate resolution is unfavorable, the better practice is to make a timely and specific objection. In that manner, the underlying purpose of arbitration—avoidance of costly and protracted litigation—is best served.

The city also claims that the arbitrator improperly modified the existing collective-bargaining agreement and failed to give effect to all the language of the residency ordinance. Inasmuch as judicial review of an arbitration award in a labor dispute is limited to a determination of whether the award "draws its essence" from the contract, we are not free to substitute our judgment for that of the arbitrator. *K-N-D School Dist, supra; Ferndale Education Ass'n, supra.* It is improper for this Court to consider the merits of either the underlying grievance or the arbitration award and the question of whether the interpretation of the contract by the arbitrator was erroneous is immaterial and irrelevant. Inasmuch as the arbitrator's award is not contrary to public policy, see *Frater-*

*nal Order of Police, Ionia County Lodge No 157 v Bensinger,* 122 Mich App 437; 333 NW2d 73 (1983), we affirm the decision of the trial court enforcing the arbitration award.

Affirmed.