WILLIAMS v CITY OF DETROIT

Docket No. 71852. Submitted August 15, 1984, at Detroit.—Decided February 7, 1985.

Renola Williams, a keypunch operator employed by the City of Detroit, was laid off when a city employee with more seniority lost her job when the city closed Detroit General Hospital. That employee took Williams's job and Williams was placed on a list entitling her to any keypunch operator job opening in the city prior to the position's being filled through promotion or new hire. A position opened in the water department and Williams accepted it. She thereafter filed a complaint against the City of Detroit in Wayne Circuit Court alleging that the city had violated the terms of a collective-bargaining agreement with her union by subcontracting out data processing work during her layoff, that the city had violated those provisions of the Comprehensive Employment and Training Act (CETA) which prohibited public employees from being displaced by CETA workers, and that she had been laid off in violation of her First Amendment rights to free speech and to petition the government for redress of grievances. The court, John H. Hausner, J., granted summary judgment in favor of defendant on all three issues, dismissing plaintiff's complaint with prejudice. The court refused to articulate the specific reasons for dismissing plaintiff's complaint. Plaintiff appealed. *Held:*

1. The trial court correctly dismissed plaintiff's claim that the city had violated the collective-bargaining agreement. Plaintiff had previously agreed to the arbitration of the issue under the grievance procedures of the collective-bargaining agreement and the arbitrator had ruled that the city had the right to subcontract out data processing work while employees were laid off according to the terms of the master agreement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 146, 147.
[2] 48A Am Jur 2d, Labor and Labor Relations § 2663.
[3] 15 Am Jur 2d, Civil Rights §§ 267, 272.
Exhaustion of state administrative remedies as prerequisite to federal civil rights action based on 42 USCS § 1983. 47 ALR Fed 15.

Plaintiff is barred from relitigating that claim in an independent circuit court action.

2. The trial court properly dismissed plaintiff's claim that the city violated certain provisions of CETA. CETA does not create a private cause of action against a prime sponsor or any other recipient of CETA funds, therefore plaintiff's sole remedy in challenging the city's compliance with CETA is the exclusive administrative remedy provided under the act, subject to judicial review.

3. Plaintiff's constitutional claim also fails. No factual development could support a finding that plaintiff was improperly laid off in retaliation for the exercise of her First Amendment rights.

Affirmed.

1. ACTIONS — ARBITRATION — BAR.

A party is barred from relitigating an arbitrated claim in an independent circuit court action where the arbitrability of the issue is not challenged and there is no claim that the arbitrator exceeded his authority in resolving the issue.

2. LABOR RELATIONS — COMPREHENSIVE EMPLOYMENT AND TRAINING ACT — REMEDIES.

The Comprehensive Employment and Training Act does not create a private cause of action against a prime sponsor or any other recipient of CETA funds; an employee's sole remedy in challenging his employer's compliance or noncompliance with CETA is the exclusive administrative remedy provided under the act, subject to judicial review (29 USC 801 *et seq.*).

3. CIVIL RIGHTS — DEPRIVATION OF FEDERAL RIGHTS — REMEDIES.

A lawsuit brought under the federal statute which provides a cause of action for deprivations of rights secured by the laws of the United States may not be used to substitute for or circumvent an existing elaborate and exclusive administrative remedy for the enforcement of a federal right (42 USC 1983).

*Jimmylee Gray,* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Frank W. Jackson,* Assistant Corporation Counsel, for defendant.

Before: T. M. BURNS, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment dismissing her complaint against the City of Detroit for improper layoff.

The facts in this case are not in dispute. Plaintiff was first hired by the city in 1974 in the data processing department. In November of 1980, she received a notice informing her that she would be laid off from her job as a keypunch operator (KPO) in favor of an employee with greater seniority who had lost her job when the city closed Detroit General Hospital in October of 1980. Plaintiff was immediately placed on a city-wide "blocking" list which entitled her to any KPO opening in the city prior to the position's being filled through promotion or by new hire. In 1982, plaintiff accepted a KPO position in the water department.

Plaintiff filed this action in circuit court on October 5, 1982, raising three claims. Plaintiff first alleged that the city had violated the terms of a collective-bargaining agreement with her union by subcontracting out data processing work during her layoff. She further alleged that the city had violated those provisions of the Comprehensive Employment and Training Act (CETA), 29 USC 801 *et seq.,* repealed by Pub L No. 97-300, Title I, § 184(a)(1), 96 Stat 1357 (1982), which prohibited public employees from being displaced by CETA workers. Finally, plaintiff relied upon 42 USC 1983 and alleged that she had been laid off in violation of her First Amendment rights to free speech and to petition the government for redress of grievances. Throughout her employment, plaintiff had

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

protested in various forums the city's practice of subcontracting out data processing work.

The city filed a motion for summary judgment under both GCR 1963, 117.2(1) and GCR 1963, 117.2(3), raising several defenses. The trial court heard oral arguments and granted the city's motion "in its entirety". We note with dismay the trial court's refusal to articulate upon plaintiff's request the specific reasons for dismissing her complaint. Where a motion to dismiss is brought under different court rules and raises various legal theories, the trial court should identify the grounds relied upon in granting dismissal. On appeal in this case, we will consider each of the plaintiff's three claims and determine whether summary judgment was appropriately granted under either GCR 1963, 117.2(1) or GCR 1963, 117.2(3) or whether the case was properly dismissed under some other court rule.

We affirm the trial court's dismissal of plaintiff's claim that the city had violated the collective-bargaining agreement. Immediately following her layoff, plaintiff utilized the collectively bargained for grievance procedures and arbitrated the issue of "Whether or not the City violated the Master Agreement when it laid off the grievant on November 7, 1980". The arbitrator held that the city had the right to subcontract out data processing work while employees were laid off according to the terms of the master agreement and denied the petitioner's grievance. In her circuit court action, plaintiff neither challenges the arbitrability of the subcontracting issue nor does she contend that the arbitrator exceeded her authority in resolving the subcontracting issue. *City of Saginaw v Saginaw Firefighters Ass'n, Local 422, IAFF, AFL-CIO*, 130 Mich App 401; 343 NW2d 571 (1983). We find the arbitration decision in this case binding on the

issue of whether the city had violated the collective-bargaining agreement in subcontracting out data processing work during the plaintiff's layoff. Plaintiff is thus barred from relitigating this claim in an independent circuit court action and accelerated judgment should have been granted under GCR 1963, 116.1(5).

Plaintiff's claim that the city violated certain provisions of CETA is not actionable and that portion of her complaint was properly dismissed under GCR 1963, 117.2(1). CETA does not create a private cause of action against a prime sponsor or any other recipient of CETA funds. *Uniformed Firefighters Ass'n, Local 94, IAFF, AFL-CIO v City of New York,* 676 F2d 20 (CA 2, 1982); *CETA Workers' Organizing Committee v City of New York,* 617 F2d 926, 934 (CA 2, 1980). Plaintiff's sole remedy in challenging the city's compliance with CETA is the exclusive administrative remedy provided under the act, subject to judicial review. *Id.*

Given our resolution of the first two issues, we conclude that plaintiff's claim under 42 USC 1983 must also fail. Essentially, plaintiff's claim is that the city improperly laid her off in retaliation for the exercise of her First Amendment rights to free speech and to petition the government for redress of grievances.[1] Plaintiff's constitutional claim thus rises or falls on the finding that her layoff was improper because it was in violation of the collective-bargaining agreement or in violation of CETA.[2]

The city's right to lay plaintiff off while subcon-

---

[1] On at least two occasions since 1979, plaintiff had appeared before the Detroit City Council protesting the city's practice of subcontracting out data processing work. Apparently, council investigated the allegation and ordered a report on the subject.

[2] Plaintiff does not allege that either the layoff mechanism or the CETA program were manipulated in an attempt to ensure plaintiff's layoff.

tracting out data processing work has already been decided through arbitration and that decision is binding on this Court. Plaintiff's layoff was not improper under the terms of the collective-bargaining agreement.

Additionally, plaintiff failed to pursue her administrative remedy regarding her CETA claims. Where there is an elaborate and exclusive administrative remedy for the enforcement of a federal right, a § 1983 lawsuit may not be used to substitute for or circumvent that administrative remedy. *Pennhurst State School & Hospital v Halderman,* 451 US 1, 28; 101 S Ct 1531; 67 L Ed 2d 694 (1981); *Middlesex County Sewerage Authority v National Sea Clammers Ass'n,* 453 US 1, 19-21; 101 S Ct 2615; 69 L Ed 2d 435 (1981).

We conclude that no factual development could support a finding that plaintiff was improperly laid off in retaliation for the exercise of her First Amendment rights. We therefore find that plaintiff's § 1983 claim was properly dismissed under GCR 1963, 117.2(3) on the collective-bargaining agreement issue and under GCR 1963, 116.1(5) on the CETA issue.

Affirmed.