MICHIGAN STATE EMPLOYEES ASSOCIATION v DEPARTMENT
OF MENTAL HEALTH

Docket No. 107337. Submitted March 13, 1989, at Lansing. Decided
July 18, 1989.

Gerald Davis, employed by the Department of Mental Health and
a member of the Michigan State Employees Association, was
laid off from the position of storekeeper IIB. Pursuant to the
collective bargaining agreement between Davis' employer and
labor union, he was reassigned to a laborer IIB position and his
name was placed on a recall list for the storekeeper position.
Davis subsequently discovered that two employees who were
classified as motor vehicle operators IIB were performing store-
keeper functions. Davis and his union filed a grievance claim-
ing that it was a violation of the collective bargaining agree-
ment not to have allowed Davis the opportunity to bid for the
work. An arbitrator found the employer in violation of the
collective bargaining agreement but denied the grievance, rul-
ing that to allow Davis to exercise his recall rights would only
result in his again being laid off due to the employer's budget-
ary problems and Davis' relatively low seniority. On appeal by
Davis and his union to the Ingham Circuit Court, the court,
Robert Holmes Bell, J., reversed the arbitrator's decision and
ordered that Davis be allowed to exercise his contractual rights
to the position which he previously held. The Department of
Mental Health appealed to the Court of Appeals.

The Court of Appeals held:

Judicial review of an arbitrator's decision is very limited. A
court may not review an arbitrator's factual findings or deci-
sion on the merits. The court must be careful to appropriately
limit its review to whether the arbitrator exceeded his contrac-
tual jurisdiction and authority. Here, while the trial court did
have the authority to vacate the arbitration award, it was
without authority to fashion its own relief and should have
remanded the matter for further arbitration proceedings.

Reversed and remanded.

REFERENCES

Am Jur 2d, Arbitration and Award § 145.
See the Index to Annotations under Arbitration and Award; Collec-
tive Bargaining.

ARBITRATION — JUDICIAL REVIEW.
  Judicial review of an arbitrator's decision is very limited; a court
  may not review an arbitrator's factual findings or decision on
  the merits; the court must be careful to appropriately limit its
  review to whether the arbitrator exceeded his contractual
  jurisdiction and authority.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Michael E. Cavanaugh* and *Brandon W. Zuk*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistant Attorneys General, for defendant.

Before: DOCTOROFF, P.J., and MAHER and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals from the August 4, 1987, order of the circuit court which reversed a prior arbitration award dated June 11, 1986. Defendant does not challenge the court's vacation of the arbitration award but argues that the trial court improperly fashioned its own remedy rather than remanding the matter for further arbitration proceedings. We agree and reverse in part.

The underlying facts of this case are not in dispute. On November 23, 1980, plaintiff Gerald Davis was laid off from the position of storekeeper IIB. Pursuant to the collective bargaining agreement, Davis was bumped to a laborer IIB position, and his name was placed on a recall list for the storekeeper position. His name remained on the recall list at all relevant times.

In 1984, Davis discovered that two employees who were classified as motor vehicle operators IIB were spending the majority of their time perform-

ing storekeeper functions. Defendant acknowledged, and the arbitrator found, that it was a violation of the collective bargaining agreement not to have allowed Davis the opportunity to bid for the work. However, despite defendant's breach of the collective bargaining agreement, the arbitrator denied Davis' grievance, ruling that to allow Davis to exercise his recall rights would only result in his again being laid off due to defendant's alleged budgetary problems and Davis' relatively low seniority.

Plaintiffs appealed the arbitrator's decision to the circuit court, and on June 16, 1987, following the parties' arguments, the court found that the arbitrator exceeded his authority. The court reversed the arbitration award and ordered that Davis be allowed to exercise his contractual rights to the position which he previously held. The court further ordered that Davis be reimbursed from September, 1984, for the additional mileage he incurred as a result of working at locations other than the Oakdale Center, the location of the disputed storekeeper position.

In entering this order, the trial court clearly fashioned its own remedy in disregard of the findings of the arbitrator. This was error.

Judicial review of an arbitrator's decision is very limited. A court may not review an arbitrator's factual findings or decision on the merits. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 150; 393 NW2d 811 (1986). The court must be careful to appropriately limit its review to whether the arbitrator exceeded his contractual jurisdiction and authority. *Id.,* p 160.

We believe the proper scope of judicial review of an arbitration award was best stated in *Ferndale Ed Ass'n v Ferndale School Dist No 1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976):

Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and Federal courts for years, but the eminently proper attitude that we have taken is one of "hands off." The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy,[1] the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a Federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award "draws its essence" from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961); *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975). [Emphasis in original.]

---

[1] United Steelworkers of America v American Mfg Co, 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960); *United Steelworkers of America v Warrier & Gulf Nav Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960); *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

---

See also *Saginaw v Saginaw Firefighters Ass'n, Local 422, IAFF, AFL-CIO,* 130 Mich App 401, 404; 343 NW2d 571 (1983).

Following this line of cases, we conclude that, while the trial court did have the authority to vacate the arbitration award, it was without authority to fashion its own relief and should have remanded the matter for further arbitration proceedings.

Reversed and remanded in accordance with this opinion.