# STATE OF MICHIGAN

# COURT OF APPEALS

FREMONT COMMUNITY DIGESTER, L.L.C.,

          Plaintiff-Appellant,

V

DEMARIA BUILDING COMPANY, INC.,

          Defendant-Appellee.

UNPUBLISHED
June 25, 2015

No. 320336
Oakland Circuit Court
LC No. 2013-134997-CZ

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Plaintiff, Fremont Community Digester, LLC, appeals as of right the trial court's order granting summary disposition in favor of defendant, Demaria Building Company, Inc. We affirm.

In December 2010, plaintiff and defendant entered into an engineering procurement and construction contract for a construction project in Fremont, Michigan. The contract provided that all disputes were to be submitted to arbitration "in accordance with the Construction Industry Rules of Arbitration [('CIRA')] of the American Arbitration Association [('AAA')] (and with the procedural law of the State of Michigan in matters as to which such Rules of Arbitration are Silent)."

After various disputes arose, the parties entered into another agreement, referred to as the "Letter Agreement," which specifically delineated the manner in which they would address their disputes through arbitration. The Letter Agreement provided that a single arbitrator, agreed to by the parties, would decide the parties' disputes. The "Letter Agreement" provided, in relevant part:

> This letter will set forth our agreement to arbitrate certain disputes now pending between DeMaria Building Company and Fremont Community Digester.
>
> * * *
>
> The parties have agreed that the arbitration will be conducted in accordance with the current version of the Construction Industry Arbitration Rules promulgated by the American Arbitration Association (the "Rules") and in accordance with Michigan law. . . .

-1-

The parties have agreed to submit certain defined disputes for resolution by the arbitrator and have agreed to be bound by the arbitrator's decision in accordance with the Rules and the applicable law. . . . The arbitrator's decision shall be conclusive only of the matters actually submitted to the arbitrator for decision and the parties will not be precluded from raising other issues in the future, so long as those issues were not previously presented to the arbitrator. Prior to the close of the hearings, the arbitrator shall identify the issues upon which he expects to render a decision and such list shall be dispositive of the issues actually presented to, and resolved by, this arbitration.

The arbitrator issued a decision resolving the parties' disputes, and the award was satisfied. Defendant thereafter made a demand for arbitration of additional claims that were not previously decided by the arbitrator. Defendant argued that the newly disputed claims were subject to the Letter Agreement, whereas plaintiff maintained that the newly disputed claims were outside the scope of the Letter Agreement and should instead be governed by the terms of the parties' original arbitration agreement (which required a three-member arbitration panel). The arbitrator decided the matter by concluding that the newly disputed claims were subject to the Letter Agreement.

Plaintiff filed this action in circuit court, contending that the arbitrator exceeded his authority, and acted contrary to law, by deciding, as a threshold question of arbitrability, whether the newly disputed claims were within the scope of the Letter Agreement. Plaintiff requested that the circuit court vacate the arbitrator's order and issue a declaratory ruling stating the parties' rights and duties under the Letter Agreement and declaring that the newly disputed claims were not within the scope of arbitration contemplated by the Letter Agreement.

The parties filed cross-motions for summary disposition. Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that (1) as a matter of law, the arbitrator erred in ruling that he had jurisdiction to determine the threshold question regarding the scope of the Letter Agreement, and (2) even if the arbitrator had the authority to decide that question, he erred in ruling that defendant's new claims were within the scope of the Letter Agreement. In response, defendant moved for summary disposition in its favor under MCR 2.116(C)(7), (8), and (10), arguing that the arbitrator's June 19, 2013 decision was correct and enforceable, and that it was entitled to judgment in its favor based on principles of waiver and estoppel.

The circuit court granted summary disposition in favor of defendant, holding that the arbitrator acted within his authority to determine the scope and application of the parties' Letter Agreement, and that plaintiff failed to demonstrate that the arbitrator legally erred in ruling that the newly disputed claims were within the scope of the parties' Letter Agreement. The circuit court first concluded that plaintiff was not disputing that the new claims were subject to arbitration, but, instead, was only contesting the procedure for resolving those claims in arbitration, which the circuit court determined was a matter for the arbitrator to decide. The circuit court noted that both the parties' original agreement and the Letter Agreement stated that arbitration was to be governed by the CIRA, which authorized the arbitrator to decide matters regarding his jurisdiction and objections regarding the scope or validity of the arbitration agreement. Second, the circuit court declined to disturb the arbitrator's substantive decision

regarding the scope of the Letter Agreement on the basis that plaintiff had not shown that the arbitrator's decision was legally erroneous.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 639; 858 NW2d 105 (2014). The circuit court did not specify under which subrule it granted summary disposition, but it appears that it granted summary disposition in favor of defendant under MCR 2.116(C)(7), which provides that summary disposition is appropriate where a claim is barred because of an agreement to arbitrate. A motion under MCR 2.116(C)(7) is reviewed under the following standards:

> A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. [*Turner v Mercy Hosps & Health Servs of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995); see also *Linton v Arenac Co Rd Comm,* 273 Mich App 107, 111-12; 729 NW2d 883 (2006).]

If the pleadings or other documentary evidence reveal that there is no genuine issue of material fact, the court must decide as a matter of law whether the claim is barred. *Linton,* 273 Mich App at 111-112. The existence and enforceability of an arbitration agreement is a question of law that this Court reviews de novo. *Michelson v Voison,* 254 Mich App 691, 693-694; 658 NW2d 188 (2003).

Plaintiff argues that the arbitrator exceeded his powers by determining whether the newly disputed claims were subject to the parties' Letter Agreement. "Arbitrators exceed their powers whenever they act beyond the material terms of the contract from which they draw their authority or in contravention of controlling law." *Miller v Miller,* 474 Mich 27, 30; 707 NW2d 341 (2005). Arbitration is a matter of contract, and the terms of the parties' agreement dictate the arbitrator's authority. *Id.* at 32. "Arbitration agreements are generally interpreted in the same manner as ordinary contracts." *Bayati v Bayati,* 264 Mich App 595, 599; 691 NW2d 812 (2004).

The circuit court and the arbitrator each acknowledged the general rule that the existence and enforceability of a contract to arbitrate is a judicial question, which may not be decided by the arbitrator. *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 99; 323 NW2d 1 (1982); see also *Fromm v Meemic Ins Co,* 264 Mich App 302, 305-306; 690 NW2d 528 (2004); *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 590-591; 637 NW2d 526 (2001). However, as the trial court noted, the dispute in this case does not involve the existence or enforceability of an arbitration agreement, or whether the parties' claims are, in fact, arbitrable, as there is no dispute that the parties' claims are subject to arbitration. Rather, the dispute in this case pertains to the *procedure* for arbitrating the parties' newly disputed claims. Thus, in our view, the central question at issue here is whether the newly disputed claims fall within the scope of the Letter

Agreement. In deciding this question, we find it significant that plaintiff concedes that the Letter Agreement constitutes a valid contract, and both parties agree that the arbitrator has jurisdiction to decide claims falling within the scope of the Letter Agreement.

Significantly, under Michigan law, contract interpretation "is an issue for the arbitrator to determine." *City of Ann Arbor v Am Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009); *Fromm*, 264 Mich App at 305-307. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *City of Ann Arbor*, 284 Mich App at 144 (quotation marks and citation omitted). Likewise, "a court should not interpret a contract's language *beyond determining whether arbitration applies*," *Fromm*, 264 Mich App at 306 (emphasis added), and a reviewing court is not permitted to engage in contract interpretation. *City of Ann Arbor*, 284 Mich App at 144. Additionally, "where substantive issues of a dispute are proper subjects for arbitration[,] procedural matters arising out of the dispute are for the arbitrator and not the courts to determine." *Bennett v Shearson Lehman-Am Exp, Inc*, 168 Mich App 80, 83; 423 NW2d 911 (1987).

Because it is clear that disputes arising between the parties were arbitrable and further, because the arbitrator had the power to arbitrate claims within the scope of the Letter Agreement contract, it was the duty of the arbitrator—and not the trial court—to interpret the Letter Agreement so as to determine whether the newly disputed claims were within the scope of that agreement. *City of Ann Arbor*, 284 Mich App at 144. Contrary to plaintiff's argument on appeal, this conclusion is consistent with the Uniform Arbitration Act, MCL 691.1681 *et seq*. MCL 691.1686(2) provides that "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." As previously discussed, however, courts have limited review of jurisdictional challenges based on arbitrability, and arbitrability, i.e., whether a claim is subject to arbitration, is not at issue here. Instead, the issue in this case is whether the parties' newly disputed claims were within the scope of the Letter Agreement. Because the parties agree that the arbitrator has jurisdiction to decide claims falling within the scope of the Letter Agreement, the arbitrator did not err in deciding whether the newly disputed claims fell within the scope of the Letter Agreement, and the trial court did not err in holding that it would not disturb the arbitrator's findings in this regard.

We reject as lacking in merit plaintiff's argument that because the arbitrator issued a final award after the initial proceedings concluded, he did not have jurisdiction to review any new claims raised by defendant. Plaintiff cites authority for the proposition that an arbitrator may not "reopen" or "rehear" proceedings in which a final award was entered. See *Beattie v Autostyle Plastics, Inc,* 217 Mich App 572, 578-580; 552 NW2d 181 (1996). Here, however, the arbitrator was not attempting to revisit any claims that were subject to the previous award, but rather to determine whether newly disputed claims were subject to the Letter Agreement. As stated above, contract interpretation is within the authority of the arbitrator, *City of Ann Arbor*, 284 Mich App at 144, and this Court may not engage in further review of the arbitrator's factual findings or decision on the merits, see *id., Washington v Washington,* 283 Mich App 667, 672; 770 NW2d 908 (2009); *Michigan State Employees Ass'n v Dep't of Mental Health,* 178 Mich App 581, 583; 444 NW2d 207 (1989).

-4-

Furthermore, plaintiff's reliance on *Oakland-Macomb Interceptor Drain Drainage Dist v Ric-Man Const, Inc,* 304 Mich App 46; 850 NW2d 498 (2014), is misplaced. In that case, this Court held that the plaintiff was entitled to judicially enforce an arbitration provision requiring an arbitrator with specialized qualifications. However, in the instant case, the parties modified their original arbitration agreement by adopting the Letter Agreement, in which the parties also agreed to and selected the sole arbitrator who was to decide the scope of that agreement.

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder