STANISZEWSKI v GRAND RAPIDS PACKAGING CORPORATION

Docket No. 61472. Submitted January 5, 1983, at Grand Rapids.— Decided April 20, 1983.

Plaintiff, Anthony Staniszewski, was discharged from his employment with defendant, Grand Rapids Packaging Corporation, for violation of shop rules. Under the parties' collective-bargaining agreement, plaintiff contested his discharge. The parties selected an arbitrator who ruled that plaintiff had been wrongfully discharged and ordered plaintiff reinstated with "full back pay". Plaintiff then filed a complaint in the Kalamazoo Circuit Court seeking enforcement of the arbitrator's award. The trial court, John E. Fitzgerald, J., ordered that the award should be enforced and that the term "full back pay" should be read to encompass a 52-hour workweek, based on plaintiff's normal workweek and the arbitrator's testimony that the award was intended to encompass plaintiff's normal workweek. Defendant appeals from the trial court's order. *Held:*

1. The term "full back pay" is latently ambiguous in the present factual context. Parol evidence is always admissible to explain a latent ambiguity.

2. The trial court had the authority to determine the meaning of the arbitrator's award since it has the authority and obligation to enforce the award.

3. The trial court's ruling was correct and did not exceed the very limited scope of judicial review of arbitration awards. The court merely interpreted the award and effectuated it to its full extent.

Affirmed.

1. EVIDENCE — WRITINGS — LATENT AMBIGUITIES.

A latent ambiguity arises when a writing appears clear and unambiguous on its face but some collateral matter exists which makes the meaning of the writing uncertain.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 30 Am Jur 2d, Evidence § 1073.
[3] 5 Am Jur 2d, Arbitration and Award §§ 144, 151 *et seq.*

2. Evidence — Parol Evidence — Writings — Latent Ambiguities.
    Parol evidence is always admissible to explain a latent ambiguity
    arising from a writing.

3. Arbitration — Enforcement of Awards.
    A trial court which has the authority and obligation to enforce an
    arbitrator's award has the authority to determine the meaning
    of the arbitrator's award.

*Carey, Durham & Risdon* (by *Thomas D. Carey*), for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Mark D. Sevald*), for defendant on appeal.

Before: MacKenzie, P.J., and R. B. Burns and E. A. Quinnell,* JJ.

E. A. Quinnell, J. Defendant appeals as of right from the order of the trial court enforcing an arbitration award in favor of plaintiff.

Defendant, plaintiff's employer, discharged him for violation of shop rules. Under the parties' collective-bargaining agreement, plaintiff contested his discharge through the established grievance procedures. The parties eventually selected an arbitrator who ruled that plaintiff had been wrongfully discharged. The arbitrator's award ordered plaintiff reinstated with "full back pay".

At a hearing held before the trial court on plaintiff's complaint to enforce the award, the parties stipulated that plaintiff's normal workweek was 52 hours. The arbitrator, however, testified that, in the absence of other evidence, standard industrial practice provides for a 40-hour workweek. Since plaintiff had adduced no evidence of his atypical workweek at the arbitration hearing, the arbitrator assumed that plaintiff worked the usual 40 hours. However, he also testified that he intended for plaintiff to be fully recompensed and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that, had he known of plaintiff's 52-hour work-week, the award would have encompassed that number of hours.

Defendant claims that the term "full back pay" should be read to encompass only 40 hours, the usual industrial workweek. Defendant claims that plaintiff failed to satisfy his burden of establishing an atypical practice. Plaintiff, on the other hand, claims that the award of "full back pay" was intended to make him whole and that this can be accomplished only by an award based on 52 hours.

In the present factual context, the term "full back pay" is latently ambiguous. A latent ambiguity arises when a writing, on its face, appears clear and unambiguous but there exists some collateral matter which makes the meaning uncertain. 32A CJS, Evidence, § 961, pp 427-428. Parol evidence is always admissible to explain a latent ambiguity. *Id.*

Since the trial court has the authority and obligation to enforce the award, it must have the authority to determine the meaning of the arbitrator's award. *San Francisco Electrical Contractors Ass'n, Inc v International Brotherhood of Electrical Workers, Local No 6,* 577 F2d 529 (CA 9, 1978).

In enforcing the award, the trial court ruled that the term "full back pay" should be read to include 52 hours, based on plaintiff's normal work-week and the arbitrator's testimony that the award was intended to encompass plaintiff's normal workweek. In light of these facts, we are convinced that the trial court's ruling was correct. The trial court did not exceed the very limited scope of judicial review of arbitration awards, *Detroit Police Officers Ass'n v Detroit,* 114 Mich App 275; 318 NW2d 650 (1982), but merely interpreted the award and effectuated it to its full extent.

Affirmed. Costs to plaintiff.