SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 466M v CITY OF SAGINAW

Docket No. 248564. Submitted September 21, 2004, at Lansing. Decided
September 28, 2004, at 9:05 A.M.

Service Employees International Union, Local 466M, on behalf of
Kimberly Caver, an income tax auditor in the fiscal services depart-
ment of the city of Saginaw, filed a grievance against the city after
the city rejected Caver's application for the position of income tax
audit specialist and hired Janet Schramke, a new employee, for that
position. An arbitrator ordered the city to assign Caver to the
specialist position on the basis of seniority and pay her the differ-
ence in salary between the auditor position and the specialist
position from the time Schramke was hired. The city placed Caver
in the specialist position, but later reorganized the fiscal services
department to create the position of income tax manager for
Schramke and to redefine the duties of the specialist position such
that Caver performed duties originally assigned to the auditor
position and Schramke performed duties initially assigned to the
specialist position. The union brought an action the Saginaw Circuit
Court against the city, seeking specific performance of the arbitral
award and a declaratory judgment against the city. The court,
William A. Crane, J., granted summary disposition for the city,
ruling that it lacked jurisdiction. The union appealed.

The Court of Appeals *held*:

Judicial review of arbitral awards is limited. The arbitrator,
under Michigan case law, is the sole fact-finder, and a trial court is
without jurisdiction to review the facts presented at arbitration,
assess any facts that arise after an arbitration award, or fashion its
own remedy. Accordingly, whether the city's postarbitration action
of reorganizing the fiscal services department was permissible
under the collective bargaining agreement or was merely a ruse to
avoid complying with the arbitration award is an issue that must
be addressed by a new grievance and arbitration.

Affirmed.

*Sachs Waldman, P.C.* (by *Mary Ellen Gurewitz* and
*Marshall J. Widick*), for the plaintiff.

*Currie Kendall Polasky Meisel, PLC* (by *Peter C. Jensen*), for the defendant.

Before: HOEKSTRA, P.J., and COOPER and KELLY, JJ.

PER CURIAM. In this action to enforce an arbitral award in an underlying labor dispute, plaintiff appeals as of right an order granting summary disposition for defendant pursuant to MCR 2.116(C)(4). We affirm.

## I. FACTS

This case arises from the following undisputed facts. Kimberly Caver, a member of plaintiff union, is an employee in defendant's fiscal services department. Caver held the position of income tax auditor (auditor) when defendant posted a vacancy for the position of income tax audit specialist (specialist). Caver bid for the specialist position, but defendant filled it with an outside candidate, Janet Schramke, who had no seniority with defendant. Plaintiff filed a grievance alleging that defendant violated the collective bargaining agreement (CBA) by denying Caver the specialist position despite her seniority. In accordance with the CBA, the grievance was arbitrated. The arbitrator issued an award, which provides in relevant part:

> The grievance is granted. The employer, in considering certified and qualified applicants, failed to accord the grievant recognition of her seniority which, by contract and under these circumstances, would require her selection. The employer is directed to install the grievant in that position of Income Tax Specialist and to pay her for the interim period the difference in pay between that position and her current position commencing with the time that the other applicant began employment.

After the arbitrator issued the award, defendant assigned plaintiff to the specialist position and paid her

accordingly. But shortly thereafter, defendant "reorganized" the department. Pursuant to this reorganization, defendant redefined the duties of the specialist position such that Caver, although placed in the position of specialist, essentially was assigned the same duties that she performed in her old position as auditor. Defendant then hired Schramke for a newly created position of income tax manager, the duties of which were essentially the same as the former specialist position.

In December 2002, plaintiff filed a complaint for specific performance and declaratory judgment, alleging that, in violation of the arbitral award, defendant "failed and refused to install [Caver] in the position of Income Tax Specialist." Plaintiff requested that the trial court enforce the arbitral award by ordering defendant to assign Caver to the specialist position and pay her the salary difference with interest.

In its answer to plaintiff's complaint, defendant admitted all of plaintiff's allegations except the allegation that defendant failed and refused to assign Caver the specialist position and pay her accordingly. As an affirmative defense, defendant alleged that it placed Caver in the specialist position and paid her "all back pay as required in the [arbitral award]." It further alleged: "Plaintiff Union is disputing the right of the City to organize its Finance Department, and there is no language in the arbitral award to address said issue."

Defendant subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(4), arguing that the trial court did not have jurisdiction to expand or amend the arbitral award. Defendant argued that, in compliance with the arbitral award, it assigned Caver to the specialist position and paid her accordingly. But

defendant further argued that, because of budget cuts, it reorganized, as permitted by the CBA, and assigned Caver other functions in addition to those functions in the job description of specialist. Defendant argued that the arbitral award did not require any permanence to Caver's job duties nor did it disallow defendant from requiring Caver to perform other functions or disallow reorganization of the department. Defendant asserted that the appropriate vehicle for plaintiff's complaint about the reorganization is a new grievance under the CBA.

Later, plaintiff filed its own motion for summary disposition under MCR 2.116(C)(10). Plaintiff argued that defendant failed to comply with the arbitral award because although it gave Caver the title and pay rate of specialist, it did not assign her the prereorganization duties associated with that position.

After the trial court heard oral argument on these motions, it granted defendant's motion, ruling:

> Well, it is clear that this dispute seems to center around whether the city has made a proper assignment of job duties in light of her promotion to a different position by the arbitrator. . . . [T]he question is whether the relief otherwise is specific performance, that they should carry out putting her into the job duties of her new position. And then the question is well, does the city have the authority to now change those duties.
>
> In any event, it appears that this again involves a contract interpretation or even enforcement that would most appropriately be through a new grievance procedure and not through interpretation by this Court as to whether the arbitrator's award has been properly granted, or applied. Putting it another way, I'm a little uncomfortable, because it seems that it's into contract interpretation and not enforcement. And even if it is enforcement, should the arbitrator be the one to decide what it is and what it isn't

in the spirit of the doctrine that first came out in the Grand Rapids Packing Case[1]that defense has cited.

The trial court entered an order granting defendant's motion.

## II. ANALYSIS

Plaintiff contends that the trial court erred in granting defendant's motion for summary disposition. We disagree.

This Court reviews de novo a trial court's grant or denial of summary disposition. When reviewing a motion for summary disposition under MCR 2.116(C)(4), we must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law or whether the affidavits and other proofs show that there was no genuine issue of material fact. *Cook v Applebee's of Michigan, Inc,* 239 Mich App 311, 315; 608 NW2d 62 (2000).

According to MCL 423.9d, which governs arbitration of labor disputes, an agreement to arbitrate is enforceable in any circuit court having jurisdiction. But judicial review of an arbitral award is limited:

> It is well-settled that arbitration is a favored means of resolving labor disputes and that courts refrain from reviewing the merits of an arbitration award when considering its enforcement. To that extent, judicial review of an arbitrator's decision is very limited; a court may not review an arbitrator's factual findings or decision on the merits. [*Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 150; 393 NW2d 811 (1986).]

This policy of judicial deference is grounded in the recognition that an arbitrator's authority is conferred

---

[1] *Staniszewski v Grand Rapids Packaging Corp,* 125 Mich App 97, 99; 336 NW2d 10 (1983).

by the parties' contractual agreement. *Id.* at 150-151; *Police Officers Ass'n v Manistee Co,* 250 Mich App 339, 343; 645 NW2d 713 (2002). A reviewing court is without authority to fashion its own remedy. *Michigan State Employees Ass'n v Dep't of Mental Health,* 178 Mich App 581, 585; 444 NW2d 207 (1989).

Here the issue is whether the trial court erred in ruling that it had no jurisdiction to enforce the award as plaintiff argued it should be enforced, namely by ordering defendant to assign Caver the duties of specialist as they existed *before* the reorganization in addition to ordering that Carver be awarded the title and pay of specialist. In support, plaintiff argues the reorganization was merely a subterfuge, which allowed defendant to avoid complying with the arbitral award. But the question whether the reorganization, including the redefinition of job duties, was permitted by the CBA entails a new set of facts that were neither presented nor considered in the original arbitration. While defendant's alleged reorganization affected the duties of Caver's position, the redefinition of job duties had not yet occurred at the time of the arbitration and, therefore, could not have been addressed by the arbitrator. Further, there was no provision in the arbitration award addressing the permanence of Caver's job duties or defendant's ability to reorganize the department.[2]

Because Michigan case law is clear that an arbitrator is the sole fact-finder in arbitration, the trial court is without jurisdiction to review the facts presented at arbitration or assess any facts concerning the purported

---

[2] On appeal, plaintiff also argues that defendant should be precluded from raising its ability to reorganize the department under the management rights provision of the CBA because defendant did not raise it at the time of arbitration. But, by the same token, defendant could not have raised the management rights provision at arbitration because it was not germane to plaintiff's original grievance.

reorganization that arose after arbitration. The trial court also correctly determined that it did not have jurisdiction to review the CBA in order to determine whether defendant's reorganization was in compliance therewith. Further, if the trial court ordered defendant to revert to the prereorganization duties of specialist, it would be fashioning a new remedy beyond that awarded by the arbitrator. The parties indisputedly entered into a CBA that provided that all grievances would be arbitrated. The issue whether defendant's postarbitration actions were permissible under the CBA, or were a mere ruse to avoid compliance with the arbitration award, is a matter that can only be addressed by way of a new grievance and arbitration.

This case is similar to *Armco Employees Independent Federation Inc, v Armco Steel Co,* 65 F3d 492 (CA 6, 1995), a case that is not binding on this Court but is nonetheless persuasive. In *Armco,* the plaintiff union filed grievances, in February and April 1992, alleging that the defendant "failed to maintain the required 1570 employees at times when the 'trigger level' of 84,375 tons was exceeded." *Id.* at 494. The arbitrator concluded:

> The grievance is sustained. Article XXIII, Section C requires that the company maintain 1570 craft employees during months in which its shipment of coated products exceed [sic] the levels specified in Article XXIII, Section C(1). The company will post the appropriate openings to comply with that provision. There was no showing in this proceeding of harm to any individual employee. [*Id.* at 495.]

In its action to enforce this award in a federal district court, the plaintiff union alleged that the defendant violated the arbitral award by failing to maintain proper staffing in January and March of 1993. *Id.* In

response, the defendant claimed that the dispute was really about its unilateral creation of a Mobil Maintenance Department, the plaintiff union's opposition to which caused the level of staffing to fall below that required by the arbitral award. *Id.*

United States Court of Appeals for the Sixth Circuit noted:

> Case law clearly states that when parties select arbitration to settle their disputes, particularly in labor-management conflicts, district courts are not empowered to perform factfinding or second-guessing. Instead, courts have essentially one role—to place government authority behind an award in order to enforce it. [*Id.* at 496.]

The court distinguished *Armco* from more typical actions to enforce awards "after an arbitrator had *evaluated* the facts giving rise to a grievance, *identified* a violation in the case, and *ordered* a remedy tailored to the specific circumstances." *Id.* at 497 (emphasis in original). The court further held:

> In the absence of an arbitrator's award following all three steps outlined above, the district court would be in the position of performing a role assigned to an arbitrator by the collective bargaining agreement. [*Id.* at 497.]

It clarified that a court could "enforce an arbitrator's clear and specific award," but could not "adjudicate the merits of a contingent claim created by a past award." *Id.* at 498.

As in *Armco,* plaintiff here asked the trial court to evaluate an alleged violation that took place after the arbitral award was issued and that was distinct from, though arguably arising from, the act on which the original grievance was based. Thus, for the trial court to "enforce" the award as plaintiff requested, the trial court would have had to perform fact-finding and fashion a new award. This is beyond the scope of the

trial court's jurisdiction. The trial court did not err in granting summary disposition pursuant to MCR 2.116(C)(4) because defendant was entitled to judgment as a matter of law.

Affirmed.