# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTOFOR C. HARRISON,

        Plaintiff-Appellant,

v

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
November 29, 2016

No. 328303
Wayne Circuit Court
LC No. 14-008471-CL

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this action seeking confirmation of an arbitration award pursuant to a collective bargaining labor dispute, plaintiff appeals as of right the trial court's order dismissing his case without prejudice for lack of subject-matter jurisdiction. We affirm.

Plaintiff was employed by defendant beginning in 2010. Plaintiff's employment was subject to a collective bargaining agreement (CBA) between his union, UAW Local 2500, and defendant. Plaintiff was employed in defendant's Medicare Advantage Division, which was subject to strict regulations promulgated by defendant in order to gain compliance with the Centers for Medicaid and Medicare Services' (CMS) standards. In 2011, defendant began investigating plaintiff for apparent violations of those regulations, including taking undocumented and unscheduled break time and falsifying documents. After the investigation, defendant terminated plaintiff's employment. Plaintiff immediately filed a grievance with his union, citing wrongful termination by defendant. Plaintiff's union represented him throughout the grievance process, which ultimately ended with defendant finding that it had acted properly in terminating plaintiff's employment.

Plaintiff's union then appealed defendant's decision, as was permitted pursuant to the CBA, by submitting the claim to arbitration. In July of 2013, the arbitrator issued an opinion finding that defendant had violated the CBA by terminating plaintiff's employment. The arbitrator also held, however, that pursuant to the CBA, defendant had been permitted to enforce some sort of punishment against plaintiff. The arbitrator determined that the proper amount of discipline should have been for 90 days of suspension without pay. As such, the arbitrator entered an award for plaintiff requiring defendant to rehire plaintiff at his previous position with full seniority and for

-1-

full back pay and benefits, less the ninety (90) work day suspension and less any monies he earned from other employment beyond said ninety (90) work day suspension and less any workers' compensation he received beyond said ninety (90) work days which [plaintiff] is not obligated to return to the State of Michigan by virtue of this Award.

Plaintiff was immediately rehired by defendant, and defendant requested certain information in order to calculate the back pay. Defendant asserted that it needed plaintiff's tax returns for the time in question to properly calculate how much money he had received during the intervening time between his employment so that it could be offset from the back pay award. Plaintiff stated that he had not filed tax returns for that time, and therefore, he could not comply with the request. However, plaintiff provided defendant with W2's and pay stubs from his intervening jobs, which he purported to be sufficient for defendant to make the calculation.

Eventually, the parties reached an impasse with defendant refusing to pay the back pay award without the requested documentation. Plaintiff then filed the instant litigation, seeking confirmation and enforcement of the arbitrator's award. During discovery, the trial court issued an order, *sua sponte*, ordering the parties to appear for a hearing to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. At the hearing, plaintiff argued that the trial court had jurisdiction to confirm and enforce arbitration awards pursuant to the Uniform Arbitration Act, MCL 691.1681 *et seq.*, and specifically MCL 691.1683(2). Defendant argued that the trial court did not have jurisdiction, because in order to grant the relief requested by plaintiff, the trial court would be required to consider the arbitrator's award, determine how it should be calculated, and then engage in findings of fact to calculate the amount owed. The trial court agreed with defendant and entered an order dismissing plaintiff's claim without prejudice for lack of subject-matter jurisdiction.

On appeal, plaintiff argues that the trial court abused its discretion in dismissing his claim to confirm and enforce the arbitration award because Michigan law plainly permitted such an action. This Court reviews a trial court's decision to dismiss a case for an abuse of discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). Meanwhile, "whether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo." *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000). To the extent that this appeal requests this Court to interpret a statute, the trial court's decision in that respect is also reviewed de novo. *Michigan AFSCME Council 25 v Woodhaven-Brownstown School Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011).

The issue presented to this Court is whether the trial court had subject-matter jurisdiction to hear plaintiff's case seeking confirmation and enforcement of the arbitrator's award. While circuit courts are courts of general jurisdiction, "their jurisdiction is not absolute." *In re Harper*, 302 Mich App 349, 352-353; 839 NW2d 44 (2013). Michigan case law supports that "arbitration is a favored means of resolving labor disputes[.]" *Port Huron Area School District v Port Huron Ed Assoc*, 426 Mich 143, 150; 393 NW2d 811 (1986). As such, Michigan courts have long engaged in a system of "judicial deference" which takes into account that the arbitrator's power comes from the parties' contract. See *SEIU Local 466M v Saginaw*, 263 Mich

App 656, 660-661; 689 NW2d 521 (2004). Consequently, with regard to decisions rendered by an arbitrator, a circuit court's review of that decision is "narrowly circumscribed." *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

"A court may not review an arbitrator's factual findings or decision on the merits. Likewise, a reviewing court cannot engage in contract interpretation, which is an issue for the arbitrator to determine." *Id.* "Michigan case law is clear that an arbitrator is the sole fact-finder in arbitration[.]" *SEIU Local 466M*, 263 Mich App at 661. Further, "[a] reviewing court is without authority to fashion its own remedy." *Id.*, citing *Michigan State Employees Assoc v Dept of Mental Health*, 178 Mich App 581, 585; 444 NW2d 207 (1989). Due to these strict limitations on a trial court's power to review arbitration decisions, this Court has held "that a court could 'enforce an arbitrator's clear and specific award,' but could not 'adjudicate the merits of a contingent claim created by a past award.' " *SEIU Local 466M*, 263 Mich App at 663, quoting with authority *Armco Employees Independent Federation Inc v Armco Steel Co*, 65 F3d 492, 497 (CA 6, 1995).

In the present case, the arbitrator granted plaintiff an award requiring that he be rehired in his former position with full seniority, and that he be paid back pay for the time he was wrongfully terminated. The arbitrator described the back pay award, by stating that plaintiff was entitled to

> full back pay and benefits, less the ninety (90) work day suspension and less any monies he earned from other employment beyond said ninety (90) work day suspension and less any workers' compensation he received beyond said ninety (90) work days which [plaintiff] is not obligated to return to the State of Michigan by virtue of this Award.

The issue presented in this case arose when the parties disagreed regarding the calculation of the back pay award. Due to this disagreement, back pay has yet to be provided to plaintiff. Upon review of the record, it is clear that if the trial court were to enter the relief requested by plaintiff, it would be required to construe the meaning of the arbitrator's award, determine what evidence was required to calculate the proper amount of back pay, and then engage in findings of fact relating to what the back pay calculations should be. Plainly, this would require the trial court to "adjudicate the merits of a contingent claim created by a past award," namely, if defendant acted properly in requiring certain evidence in rendering its calculation for back pay. *SEIU Local 466M*, 263 Mich App at 663. "Michigan case law is clear that an arbitrator is the sole fact-finder in arbitration[.]" *Id.* at 661. As such, this requirement for findings of fact to be made by the trial court is outside the jurisdiction of the trial court, and moreover, it would potentially require the trial court to fashion its own award, by making the final determination of what specific amount of money is required for the back pay award, which is also outside the trial court's jurisdiction. See *id.*; see also *Michigan State Employees Assoc*, 178 Mich App at 585. Only the arbitrator can make the determination that the plaintiff seeks.

Plaintiff nevertheless argues that the language in MCL 691.1683(2) and MCR 3.602(I) provide for jurisdiction in the present case. We disagree. Both the aforementioned statute and court rule do contain language permitting a trial court to enter an order confirming an arbitrator's award. Specifically, MCL 691.1683(2) states that parties benefiting from an arbitration award

"may request a court to enter an order confirming" that award and the court "may confirm the award." Additionally, MCR 3.602(I) states that "[a] party may move for confirmation of an arbitration award within one year after the award was rendered" and the court "may confirm the award." While the above both permit-not require-confirmation of an arbitration award, they still do not change the prior analysis. As discussed *supra*, the award considered here does not contain the requisite clarity to allow for a simple confirmation. The arbitrator's award does not contain a definite dollar amount of back pay or a method in which to calculate the same. Under the Uniform Arbitration Act, "arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award." MCL 691.1706. Thus, the purpose in confirming an award is generally to enter a judgment on the same. However, here there is a dispute concerning whether defendant is justified in not paying the back pay without receiving what it deems necessary documentation and the trial court is in no position to resolve that factual dispute, or in calculating the back pay. Therefore, the trial court properly determined that it lacked subject-matter jurisdiction. See *SEIU Local 466M*, 263 Mich App at 663.

Plaintiff also argues that the Federal Arbitration Act (FAA), 9 USC 1 *et seq.*, and the cases construing that statutory scheme support his argument. We disagree. Quite plainly, the FAA and its associated case law provides a similar analytical structure to that discussed in the present case, and is therefore unhelpful to plaintiff. See, e.g., *United Steelworkers v American Mfg Co*, 363 US 564, 567-568; 80 S Ct 1343; 4 L Ed 2d 1403 (1960) (holding that federal courts "have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim."). Indeed, the decision in *Armco Steel*, 65 F3d at 498, provided relevant analysis to the present case, when the Sixth Circuit held that "[a] court may enforce an arbitrator's clear and specific award. What it may not do is adjudicate the merits of a contingent claim created by a past award." Considering the similar federal law, plaintiff's reliance thereon is without merit.

Affirmed.


/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto