*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

        Plaintiff-Appellant,

v

BUREAU OF CONSTRUCTION CODES,

        Defendant-Appellee.

UNPUBLISHED
August 25, 2022

Nos. 357335; 357336
Ottawa Circuit Court
LC Nos. 20-006332-AA; 20-
        006333-AW

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Phil Forner, is a licensed boiler installer and mechanical contractor. Defendant, the Bureau of Construction Codes (BCC), is the administrative agency that houses the Boiler Division, which is responsible for the administration and enforcement of the Michigan Boiler Rules. The underlying dispute arose when the BCC denied Forner's request for a declaratory ruling. Forner appealed the denial in the circuit court and simultaneously filed a complaint in the court asking for a declaratory judgment. In Docket No. 357335, Forner appeals the order affirming the BCC's denial of his request for a declaratory ruling. In Docket No. 357336, Forner appeals the order granting the BCC's motion for summary disposition of Forner's complaint under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). We consolidated the appeals under MCR 7.211(E)(2).[1] Finding no errors requiring reversal, we affirm the orders in both dockets.

## I. RELEVANT FACTS AND PROCEEDINGS

The Michigan Boiler Rules, Mich Admin Code, R 408.4001 *et seq*., and Article 9 of the Skilled Trades Regulation Act (STRA), MCL 339.5901 *et seq*., govern the installation of boilers in Michigan. See MCL 339.5907(1). Only properly licensed boiler installers with an installation permit obtained from the Boiler Division may lawfully install boilers. Mich Admin Code, R 408.4033. The construction, installment, operation, maintenance, and testing of boilers must

---

[1] *Phil Forner v Mich Bureau of Constr Codes*, unpublished order of the Court of Appeals, entered June 8, 2021 (Docket Nos. 357335 and 357336).

comply with standards promulgated by the American Society of Mechanical Engineers (ASME) and with the requirements of the boiler rules. See, e.g., Mich Admin Code, R 408.4025, R 408.4027. The owner of a boiler is responsible for ensuring that these standards and requirements are met. Mich Admin Code, R 408.4027.

Once a boiler is installed, it must be inspected by the Boiler Division's chief inspector or a deputy inspector, who must file a report of the inspection. MCL 339.5945(1); Mich Admin Code, R 408.4051. If the report indicates that the boiler complies with the boiler rules, and the owner or user of the boiler pays the necessary fee, the Department of Licensing and Regulatory Affairs will issue an inspection certificate to that owner or user. MCL 339.5945(2); MCL 339.5103(*l*). Inspection certificates are valid from 12 to 36 months, depending on the type of boiler installed. MCL 339.5945(2)(a) and (b). If subsequent inspections reveal violations, the inspector must send to the owner or user of the boiler a written notice of violation that advises the recipient of the existing conditions and states a compliance date. Mich Admin Code, R 408.4149(1). "If the code deficiencies are not corrected by the compliance date, the violation notice shall serve as a suspension of the certificate." R 408.4149(1).

Forner is the mechanical contractor of record for Allendale Heating Company, Inc. (AHC). In the spring of 2020, AHC contracted with Beaverdam Christian Reformed Church (Beaverdam Church) to replace its two existing boilers with new, low-pressure, hot water heating boilers. Forner filed the necessary paperwork, obtained the necessary permits, and installed the boilers. After installing the boilers, Forner gave Beaverdam Church the operating and maintenance instructions for the boilers, and Beaverdam Church gave Forner a signed receipt for the same. The Boiler Division inspected the boilers on May 27, 2020, and issued an inspection certificate for each boiler.

Subsequently, Beaverdam Church received two notices of violation. It was the second notice that gave rise to the underlying actions. The second notice of violation resulted from an inspection on June 2, 2020. During this inspection, the Boiler Division inspector identified three identical violations for each boiler, the most serious of which was that the boilers' backflow preventers were not designed for at least 250 degrees Fahrenheit and, therefore, did not meet the requirements of Rule 480.4025[2] and ASME boiler and pressure vessel code, § IV. According to the notice, this violation could be remedied by replacing the backflow preventers with ones that corresponded to the requirements or by installing check valves between the boilers and the backflow preventers. On the same day that the inspector issued the violations, he also contacted Forner and informed him of the violations. Thereafter, the Boiler Division mailed written notices of the violations to Beaverdam Church.

Forner sought to appeal the second violation on the basis of his contention that he was not required to replace the existing backflow preventers or to install check values because he did not "construct a boiler, blow down vessel, or expansion tanks." When he was unable to identify a

---

[2] Mich Admin Code, R 480.4025 requires that "[a] boiler, blow down vessel, and expansion tanks shall be constructed as prescribed by these rules and the ASME boiler and pressure vessel code, sections I, II, III, IV . . . ."

clear administrative appeals process, Forner requested a declaratory ruling, asking primarily whether there existed an "independent administrative process" for appealing a decision made by a Boiler Division inspector and, if so, what was the fee, and whether Rule 408.4025 required "the existing water feed connections of a hot water heater system to be modified to meet ASME Sect. IV" when no boiler, blow down vessel, or expansion tank was being constructed. The BCC denied Forner's request for a declaratory ruling on the basis that Forner had not limited it to an actual set of facts but sought "a ruling about the application of the rules and statutes under *any* circumstances and as applied to *any possible state of facts*." The BCC also denied Forner's request because he was not an "interested person" for purposes of MCL 24.263.

Forner appealed the BCC's decision in the trial court. After considering the parties' briefs and oral argument, the court issued a written order affirming the BCC's decision. At the same time that Forner appealed the BCC's decision, he also filed a complaint in the trial court under MCL 24.263, MCR 2.605, and MCL 445.911 of the Michigan Consumer Protection Act (CPA), MCL 445.901 *et seq.*, seeking a declaratory judgment and temporary injunctive relief. In lieu of an answer, the BCC moved for summary disposition under MCR 2.116(C)(4), (C)(5) (lack of legal capacity), and (C)(8) (failure to state a claim). After considering the party's briefs and oral arguments, the trial court issued an order granting the BCC's motion for summary disposition under MCR 2.116(C)(4). The court held that it was without jurisdiction under MCR 2.605, in relevant part because Forner was not an interested party and had no legal interest that was affected by the BCC's denial of his request for a declaratory ruling. The trial court also held that summary disposition of Forner's request for a declaratory ruling under MCL 24.264 was warranted because application of the boiler rules to Beaverdam Church's boilers did not interfere with or impair any of Forner's legal rights or privileges. Lastly, the trial court found that decisions of the Boiler Division did not fall under the CPA and, therefore, that the court was without jurisdiction to issue declaratory judgments under the act.[3] These appeals followed.

## II. DOCKET NO. 357335

### A. JURISDICTION

As a preliminary matter, we address the BCC's contention that this Court lacks jurisdiction over the appeal in Docket No. 357335 because Forner did not have an appeal by right from the trial court's order. The BCC asserts that because Forner's appeal to the trial court was from a decision in which the BCC was acting as a tribunal under MCR 7.203(A)(1)(a), Forner did not have an appeal by right. We disagree.

MCR 7.203(A) generally provides an aggrieved party with an appeal of right from a final judgment or order as defined by MCR 7.202(6). An exception to this general rule is that a final order of a circuit court from an "appeal from any other court or tribunal" is not appealable by right. MCR 7.203(A)(1)(a). An administrative agency acting in a judicial or quasi-judicial capacity may be considered a tribunal for purposes of MCR 7.203(A)(1). "Quasi-judicial proceedings include

---

[3] Because Forner does not pursue on appeal the argument that he is entitled to a declaratory judgment under the CPA, we need not address the issue further.

procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013).

In the present case, the BCC was not acting as a tribunal when it denied Forner's request for a declaratory hearing. There was no hearing, no right to be represented by counsel, no authority to subpoena witnesses, and no right to discovery. See *id*. Because there was no evidence that the BCC was acting as a tribunal when it made its decision regarding Forner's request, Forner had an appeal of right from the final order of the circuit court affirming the BCC's order. Therefore, this Court has jurisdiction over Forner's appeal under MCR 7.203(A)(1).

## B. "INTERESTED PERSON"

Forner contends that the trial court erred by affirming the BCC's decision on the basis that he, a licensed boiler installer and holder of the boiler installation permits for the boilers installed at Beaverdam Church, was not an interested person for purposes of challenging the boiler inspector's interpretation of the boiler rules as applied to Beaverdam Church's boilers. We disagree.

"This Court's review of a circuit court's ruling on an appeal from an administrative decision is limited." *Buckley v Prof Plaza Clinic Corp*, 281 Mich App 224, 231; 761 NW2d 284 (2004). This Court must "determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). This Court will overturn a circuit court's decision only if it is left with a "definite and firm conviction that a mistake has been made." *Id*.

When a trial court reviews an agency's decision, the court must "determine whether the agency's decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Polania v State Employees' Retirement Sys*, 299 Mich App 322, 328; 830 NW2d 773 (2013) (quotation marks and citation omitted). The trial court must affirm the agency's decision if it "was not contrary to law and was otherwise supported by competent, material, and substantial evidence on the whole record . . . ." *Id*.

The Administrative Procedures Act of 1969 (APA), MCL 24.201 *et seq*., provides the framework for obtaining a declaratory ruling from a state agency. MCL 24.263 provides, in relevant part, "[o]n request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency." "[T]he term 'may' presupposes discretion and does not mandate an action." *In re Weber Estate*, 257 Mich App 558, 562; 669 NW2d 288 (2003). If issued, the "declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court." MCL 24.263.

The APA does not define "interested person." We may consult dictionary definitions when construing undefined statutory terms. *Koontz v Ameritech Servs Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). "Interested" is defined, in relevant part, as "being affected or involved." *Merriam-Webster's Collegiate Dictionary* (11th ed). The reference to an "interested person" in MCL 24.263 may be understood as "a person who is affected by the applicability of the statute or rule at issue to an actual state of facts." To "affect" means "to produce an effect upon," "to act on and cause a change in (someone or something)." *Merriam-Webster's Collegiate Dictionary* (11th ed). This does not require a showing of interference with or impairment of legal rights or privileges to establish standing, merely that the person making the request for a declaratory ruling is affected by the applicability of the relevant statute or rule to an actual state of facts.

Forner's concern is that neither the boiler rules nor the BCC provide a means for a licensed boiler installer to challenge an inspector's conclusion that an installation violates the boiler rules. He asserts that access to an appeals process is important because any deviation from the boiler rules is "considered incompetence on behalf of the licensee and is cause for suspension or revocation of the boiler installer's license." Mich Admin Code, R 408.4111. Therefore, even if the owner or user of a boiler bears ultimate responsibility for its installation in compliance with the boiler rules, Forner insists that the potential consequences of an alleged violation of the boiler rules renders him an interested party.

Forner's concerns are understandable. At the center of this controversy is the question of when he gets to argue to the BCC that his interpretation of the boiler rules are correct; the BCC's answer is, "Not yet." As the BCC has repeatedly pointed out, the boiler rules make the owners of boilers responsible for the proper installation of a boiler. See R 408.4027. Forner has not shown how the inspector's application of the boiler rules to Beaverdam Church produced "an effect upon" or "cause[d] a change in" him or his position as a boiler installer. Forner would be affected should failure to install the Beaverdam Church boilers in compliance with the boiler rules lead to the filing of a complaint against his license or efforts to revoke or suspend his license. Should the complaint and the ensuing investigation lead to further action, see MCL 339.5507, Forner would receive notice and an opportunity to make the argument that he now wants to make, which is that the boiler rules should be interpreted so as not to require modification of a backflow preventer on an existing water feed system, even if the type of backflow preventer already present does not strictly comply with the requirements of the boiler rules. See Mich Admin Code, R 408.5501 (stating that hearings will be conducted as prescribed by the APA); see also Article 5 of the STRA, MCL 339.5501 *et seq.* (addressing complaints, investigations, and administrative proceedings). At this point, however, the filing of a complaint and the procedures and potential consequences that such action triggers are remote and conditional, and Forner has presented no evidence that he is presently or soon to be affected by application of the boiler rules to the installment of the boilers at Beaverdam Church.

Forner advances several arguments in an effort to support his contention that he is an interested person for purposes of MCL 24.263. None of his arguments are compelling.

Assuming that receipt of a notice of violation makes one an interested person for purposes of MCL 24.263, Forner argues that MCL 339.5601(8) of the STRA entitled him to notice of the

violations at Beaverdam Church.[4]   Forner asserts that the following excerpt from MCL 339.5601(8) applies:

> If construction is being undertaken contrary to a building permit, this act, or other applicable laws or ordinances, the enforcing agency shall give written notice to the person that holds the building permit, or if a permit has not been issued then to the person doing the construction, notifying that person of the violation of this act, or other applicable laws and ordinances, and that the person should appear and show cause why the construction should not be stopped.

However, MCL 339.5601(8) pertains to the requirement that the enforcing agency give written notice to the person who holds a *building permit* when construction is being undertaken contrary to the permit.  The person who received the notice must then appear and show cause why construction should not be stopped.  Relying upon this statute, Forner argues that the BCC was required to provide him with notice of the violations at Beaverdam Church and that the boiler rules do not authorize the BCC to circumvent the statutory mandate to provide notice to the holder of the installation permits.

Forner's operative assumption is flawed.  The notion that receipt of a notice of violation makes someone an interested person puts the cart before the horse.  One receives notice of a violation because one *is* an interested person, e.g., owners receive notices of boiler rules violations because they are responsible for ensuring that the installation or reinstallation of a boiler complies with the boiler rules.  See Mich Admin Code, R 408.4031; R 408.4149.  The boiler rules make the owner an interested person, not receipt of a notice of a violation.

In addition, Forner selectively emphasizes certain language of MCL 339.5601(8) out of its statutory context while ignoring language that renders the statute's inapplicability to the facts of this case.  Forner has not claimed that he was involved in construction, and, even if he plausibly could be considered to have been involved in construction, he has not claimed that he possessed, or was required to possess, a "building permit," nor that he would have been subject to show cause proceedings or to a "stop construction" order.  Forner's argument that MCL 339.5601(8) required the BCC to provide him written notice of the boiler rules violations has no merit.

Forner next asserts that he was the "owner" of the boilers for purposes of installing them, preparing them for inspection, and getting them approved by the Boiler Division in order for the division to issue the boiler certificate to Beaverdam Church.  Nothing in the boiler rules supports Forner's argument.  The rules make clear that the owner or user of a boiler is responsible for ensuring that the boiler is properly installed and that it is certified.  Mich Admin Code, R 408.4012(42); R 408.4031.  Although the rules contemplate that the owner or user of a boiler will satisfy its responsibilities by hiring a licensed boiler installer to install the boilers, see Mich Admin Code, R 408.4302, nothing in the boiler rules transfers to the boiler installer any of the owner's

---

[4] Forner also claims that he was entitled to notice of the violations under MCL 125.1512(3), which falls within the Stille-Derossett-Hale Single State Construction Code Act (CCA), MCL 125.1501 *et seq.*, and is identical with MCL 339.5601(8).

responsibility. Even if we found Forner's argument persuasive, the record shows that the BCC issued inspection certificates for the two boilers on May 27, 2020, at which point Forner's "ownership" would arguably have ended.

Lastly, Forner contends that even if he was not the owner of the boilers for purposes of installation, preparation, and certification, he is an interested person nevertheless because he is Beaverdam Church's agent for purposes of appealing the code violations. Forner relies on an affidavit of a Beaverdam Church "representative," which Forner attached to his reply brief below, to support his argument. However, as discussed below, the trial court properly struck the affidavit on the basis that it was not part of the agency record, and, therefore, could not be considered by the court.

We conclude that the trial court did not clearly err by affirming the BCC's decision. By holding that Forner was not an interested person for purposes of MCL 24.263, the court impliedly affirmed that the BCC's decision was not contrary to law and that it was supported by competent evidence on the whole record. The trial court's explanation that, because Forner was not an interested person, he could not appeal the BCC's decision to the circuit court was incongruous with the trial court's ultimate ruling. Nevertheless, we may affirm the trial court's ruling because it reached the right result. *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) (observing that a trial court's ruling may be upheld on appeal when it reaches the right result for the wrong reason).

## C. REPLY BRIEF

Forner next argues that the trial court erred by striking the reply brief he filed under MCR 7.111(A)(3). We agree, but conclude that the error was harmless.

A trial court's interpretation and application of a court rule is a question of law that this Court reviews de novo. *In re Leete Estate*, 290 Mich App 647, 655: 803 NW2d 889 (2010). This Court reviews unpreserved issues for plain error affecting a party's substantial rights. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). An error is plain if it is clear or obvious, and if it affected the outcome of the lower court proceedings. *Id*.

MCR 7.111 governs appellate briefs filed in the trial court. MCR 7.111(A)(1) and (2) address the requirements applicable to the appellant's brief and the appellee's brief, respectively. MCR 7.111(A)(3) provides for the filing of a reply brief "[w]ithin 14 days after the appellee's brief is served on appellant . . . ." "The brief must conform to MCR 7.212(G) and must be served on all other parties to the appeal." MCR 7.111(A)(3).

The trial court did not indicate anything that made Forner's reply brief "nonconforming" other than Forner filing it. Forner's reply brief complied with MCR 7.212(G) and, therefore, was permitted under MCR 7.111(A)(3). Accordingly, the trial court clearly erred by striking it.

Forner asserts that the trial court's error was not harmless because the brief included the Beaverdam Church affidavit. The assumption underlying Forner's assertion is that if the reply comes in, so does the affidavit. This is incorrect. The trial court did not strike the affidavit because it was attached to the reply brief, but because the affidavit was not part of the record on appeal

-7-

and, therefore, could not be considered by the trial court. The record in an agency appeal includes "all documents, files, pleadings, testimony, and opinions and orders of the tribunal, agency, or officer (or a certified copy), except those summarized or omitted in whole or in part by stipulation of the parties." MCR 7.210(A)(2). If timely application is made to the trial court for permission to permit additional evidence, and the requirements of MCL 24.305 are met, the trial court must order that taking of additional evidence before the agency. Forner has not challenged the trial court's ruling that it was prohibited from considering the affidavit, nor has Forner provided any example of harm arising from the trial court's erroneous decision to strike the reply brief. Accordingly, Forner is not entitled to relief on this issue.

III. DOCKET NO. 357336

A. PROTECTIVE ORDER

Forner first argues that the trial court abused its discretion by granting the BCC's motion for a protective order as if it were an emergency ex parte order. We disagree.

This Court reviews for an abuse of discretion a trial court's ruling on a motion for a protective order. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 397; 872 NW2d 223 (2015). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. at 397-398 (quotation marks and citation omitted).

"On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown," MCR 2.302(C)(1) permits a trial court to issue an order staying discovery. A trial court has the discretion to dispense with oral argument, MCR 2.119(E)(3), and the trial court and the parties should "construe[], administer[], and employ[]" the court rules "to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties," MCR 1.105.

After filing his complaint for a declaratory judgment and temporary injunctive relief, Forner filed a discovery request seeking copies of all documents about Beaverdam Church that the BCC had created or obtained after July 9, 2020. The BCC filed its motion for summary disposition in lieu of an answer and then moved under MCR 2.302(C)(1) for a protective order staying discovery until the trial court decided the dispositive motion. Reasoning that it was premature to begin discovery until the pending summary disposition motion had been resolved, the trial court dispensed with oral argument as allowed by MCR 2.119(E)(3). The court granted the requested order.

Forner did not argue below, nor does he argue on appeal, that the trial court erred by issuing the protective order because the BCC had not shown good cause for the order. Rather, Forner's claim of error pertains to the fact that the trial court dispensed with oral argument. He apparently assumed that the protective order prevented him from obtaining admissions that would have established both the trial court's subject-matter jurisdiction and Forner's status as an interested person. Both arguments are unavailing.

The BCC's dispositive motion involved the legal issues of the trial court's subject-matter jurisdiction, Forner's standing, and the legal sufficiency of Forner's claim. See *Bailey v Schaaf*,

494 Mich 595, 603; 835 NW2d 413 (2013) (indicating that a motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone); *Smith v Landrum*, 334 Mich App 511, 518; 965 NW2d 253 (2020) (indicating that subject-matter jurisdiction is a question of law); *Wilmington Savings Fund Society, FSB v Clare*, 323 Mich App 678, 684; 919 NW2d 420 (2018) (indicating that standing is a question of law). None of these issues required further factual development. Accordingly, resolving whether the BCC was entitled to summary disposition as a matter of law before engaging in potentially costly and time-consuming discovery arguably constituted the "just, speedy, and economical determination" of Forner's complaint. For these reasons, the trial court did not abuse its discretion by dispensing with oral argument and issuing the protective order the day after the BCC filed their motion for the order.

Forner also argues that the trial court's order prevented him from obtaining admissions from the BCC that he was a licensed boiler installer, that he had designated his boiler installer's license number to AHC for installation of the subject boilers, and that the Boiler Division had issued installation permits to him for the two boilers at Beaverdam Church. However, none of these facts were in dispute. Regardless of whether the BCC expressly admitted these facts, they would not have conveyed standing on Forner or subject-matter jurisdiction on the trial court.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion by dispensing with oral argument and issuing a protective order staying discovery until the court could resolve the dispositive motion.

## B. SUMMARY DISPOSITION

Lastly, Forner argues that the trial court erred when it granted the BCC's motion for summary disposition of his complaint for a declaratory judgment and injunctive relief. We disagree.

The trial court granted the motion under MCR 2.116(C)(4). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Serv Employees Int'l Union, Local 466M v Saginaw*, 263 Mich App 656, 660; 689 NW2d 521 (2004). "When reviewing a motion for summary disposition under MCR 2.116(C)(4), we must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Id*.

Forner requested a declaratory judgment under MCR 2.605, MCL 24.264, or MCL 445.911. MCR 2.605(A) provides:

> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

> (2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

-9-

An action for a declaratory judgment under MCR 2.605 requires an interested party and an actual controversy. MCR 2.605 "incorporates the doctrines of standing, ripeness, and mootness." *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (*UAW*). "[A] litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). When there is no legal cause of action, "[a] litigant may have standing . . . if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Id*.

"An 'actual controversy' under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights." *UAW*, 295 Mich App at 495. "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (quotation marks and citation omitted). "If no actual controversy exists, the circuit court lacks subject-matter jurisdiction to enter a declaratory judgment." *Genesis Ctr, PLC v Fin & Ins Servs Comm'r*, 246 Mich App 531, 544; 633 NW2d 834 (2001). "Though a court is not precluded from reaching issues before actual injuries or losses have occurred, there still must be a present legal controversy, not one that is merely hypothetical or anticipated in the future." *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020) (quotation marks and citation omitted).

The trial court stated that Forner was not an interested party because he did not have a legal interest that was affected by the BCC's decision. Although this is true, Forner's argument that he has a "substantial interest[] that will be detrimentally affected in a manner different from the citizenry at large" by the BCC's interpretation and application of the boiler rules to Beaverdam Church is not without appeal. See *Lansing Sch Ed Ass'n*, 487 Mich at 372. Although the consequences are remote, Forner's complaint and his argument make clear his belief that the Beaverdam Church installation did not conflict with the boiler rules and signal his intent to apply the same reasoning to future installations. Regardless of whether Forner is an interested party for purposes of MCR 2.605(A)(1), it is clear that the trial court lacked jurisdiction to issue a declaratory judgment because there existed no actual controversy.

As already explained, Forner's insistence that application of the boiler rules to Beaverdam Church subjected him to consequences under Rule 408.4111 is speculative and dependent upon the occurrence of each event in a series of events. Whether Forner suffers any negative consequences from application of the boiler rules to Beaverdam Church depends on whether a complaint is filed, whether the complaint triggers an investigation, whether the investigation leads to other procedures, and whether, during those other procedures, Forner is unable to prove that he complied with the boiler rules. Because Forner's claim is not based on an actual harm or on a present legal controversy, but on his speculation regarding what unidentified actors might do in the future, there is no actual controversy.[5] See *Citizens for Common Sense in Gov't v Attorney*

---

[5] The same reasoning applies to Forner's insinuation that he is an interested person with an actual controversy because he and other licensees may be "criminally charged by BCC."

*General*, 243 Mich App 43, 55-56; 620 NW2d 546 (2000). For these reasons, the trial court did not err by granting summary disposition under MCR 2.116(C)(4) in favor of the BCC.

The trial court also did not err by concluding that it lacked jurisdiction to grant Forner a declaratory judgment under MCL 24.264. MCL 24.264 provides in relevant part:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

In the present case, Forner has not identified any legal right or privilege that the application or threatened application of Rule 408.4025 to the boilers installed at Beaverdam Church impaired or "imminently threaten[ed] to interfere with or impair." Because Forner failed to demonstrate that application of the challenged rule would interfere with or impair a legal right or privilege, the trial court lacked jurisdiction to enter a declaratory judgment under MCL 24.264.

Forner also implies that the trial court erred by not addressing his request for injunctive relief. This Court reviews the trial court's grant or denial of a preliminary injunction for an abuse of discretion. *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 612; 821 NW2d 896 (2012). "[I]njunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Id*. at 613-614 (quotation marks and citations omitted).

The trial court did not expressly address Forner's request for injunctive relief. However, Forner did not show in the trial court, and has not argued on appeal, that there "exist[ed] a real and imminent danger of irreparable injury" if an injunction was not granted. *Id*. at 614 (quotation marks and citations omitted). Any risk Forner faces is speculative. Should action be taken against Forner, Article 5 of the STRA sets out the opportunities available to him to protect his legal rights. Simply stated, the application of the boiler rules to Beaverdam Church's boilers did not interfere with or impair Forner's legal rights or privileges. Given the absence of any evidence suggesting the need for the extraordinary remedy of an injunction, Forner is not entitled to relief resulting from the trial court's omission of any discussion regarding his request for an injunction.

Given our disposition of the foregoing issues, we need not address Forner's remaining issues.

Affirmed. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

-11-